Tremblay  v. Smith, et al.          CV-96-184-JD  07/16/97
              UNITED STATES DISTRICT COURT FOR THE
                    DISTRICT OF NEW HAMPSHIRE


Richard J. Tremblay

        v.                          Civil No. 96-184-JD

Peter William Smith, et al.

                          O R D E R


        The pro se plaintiff, Richard J. Tremblay, brought this

action under 42 U.S.C. § 1983 against the following defendants:

Jacqueline S. Tremblay, Richard Tremblay's ex-wife, who also

appears pro se; the estate of attorney Charles F. Butler, who

originally represented Jacqueline Tremblay; the law firm of

Butler & Hill, of which Charles Butler was a partner; attorney

Robert J. Foley, who represented Jacqueline Tremblay subsequent

to Charles Butler's death; and New Hampshire Superior Court Judge

Peter W. Smith, who presided over the legal action giving rise to

the plaintiff's claim.  The plaintiff alleges that the defendants

violated his Fourth, Fifth, and Fourteenth Amendment rights when

he was incarcerated for contempt of a child support order

subsequent to a divorce proceeding in the Coos County Superior

Court.  Before the court are the Butler estate's motion to

dismiss (document no. 53), Butler & Hill's motion to dismiss

(document no. 128), Foley's motion for judgment on the pleadings

(document no. 29), Jacqueline Tremblay's motion to dismiss

(document no. 69), the plaintiff's motions to strike Jacqueline Tremblay's motion to dismiss (document nos. 75 & 88), and the plaintiff's motion for a more definite statement regarding Jacqueline Tremblay's motion to dismiss (document no. 89).

## Background[1]

Plaintiff Richard Tremblay and defendant Jacqueline Tremblay received a final divorce decree from the Coos County Superior Court on October 7, 1992. At some point during 1991 after the parties had separated, the plaintiff moved to Maine. In July or August of 1993, Jacqueline Tremblay moved to Vermont. In May 1994, the plaintiff sought temporary custody of the Tremblays' children from a Maine court. On June 28, 1994, the Maine court awarded him custody of four of the six children.

On July 8, 1994, Jacqueline Tremblay initiated contempt proceedings in New Hampshire against the plaintiff due to his failure to pay ordered child support and requested that the New Hampshire court assume exclusive jurisdiction. The plaintiff was found in contempt and incarcerated. In 1995, the New Hampshire

---

[1]The court summarizes the relevant factual background, resolving all genuine disputes of material fact in the light most favorable to the plaintiff. The court's task has been hindered, however, by a number of voluminous, redundant, irrelevant, and conclusory filings.

court determined that it lacked jurisdiction over the proceeding. The plaintiff does not appear to contest the fact that he had not paid child support as ordered, although he asserts that the support order itself was the product of fraud.

Following the New Hampshire court's determination that it lacked jurisdiction over the action, the plaintiff brought this action, alleging that the defendants, which include his ex-wife, her attorneys, and the judge, conspired together to, and did, deny him his constitutionally protected rights by having him incarcerated. The plaintiff's complaint and voluminous supporting materials are replete with allegations of fraud and conspiracy but fail to provide a factual predicate for the alleged conspiracy. The court understands the plaintiff's main contention to be that because the New Hampshire court ultimately determined that it lacked jurisdiction to enforce the child support order, all parties who participated in the contempt proceeding knowingly engaged in a conspiracy to deprive him of his rights. Each of the remaining defendants has moved to have the claims against him or her dismissed on various grounds.[2]

---

[2]The court previously granted defendant Smith's motion to dismiss on the grounds of absolute immunity.

<u>Discussion</u>

I.    <u>Butler's Rule 12 Motion</u>[3]

Pursuant to Fed. R. Civ. P. 12(c), a motion for judgment on the pleadings will be granted if, accepting all of the plaintiff's factual averments contained in the complaint as true, and drawing every reasonable inference helpful to the plaintiff's cause, "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." <u>Rivera-Gomez v. de Castro</u>, 843 F.2d 631, 635 (1st Cir. 1988).  Butler argues, <u>inter alia</u>, that the plaintiff's action is barred by the statute of limitations.  New Hampshire Rev. Stat. Ann. ("RSA") § 556:3 provides that:

> No action shall be sustained [against the adminis-
> tratrix of an estate] unless [a] demand was exhibited
> to the administrat[rix] within six months after the
> original grant of administration, exclusive of the time
> such administration may have been suspended.

RSA § 556:3 (1974).  In addition, RSA § 556:5 provides that:

> No suit shall be maintained against an administrat[rix]
> for any cause of action against the deceased, unless it
> is begun within one year next after the original grant
> of administration . . . .

---

[3]Butler moved to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted. However, because Butler had already filed an answer to the plaintiff's complaint, the pleadings were closed under Fed. R. Civ. P. 7(a).  As such, the court will treat Butler's motion to dismiss as a motion for judgment on the pleadings.  <u>See</u> Fed. R. Civ. P. 12(c).

4

Id. § 556:5 (1974).  Finally, RSA § 556:7 provides that:

> If a right of action existed . . . against the deceased at the time of his death, and survives, an action may be brought . . . against the administrat[rix] at any time within one year after the original grant of administration.

Id. § 556:7 (1974).  It is undisputed that the plaintiff brought this action more than one year after the grant of administration of the Butler estate and without making a demand on the administratrix within six months as required by statute, which would normally bar an action against either the Butler estate or Butler as administratrix of the estate.

The plaintiff responds that the applicable statute of limitations should be tolled in this case due to fraudulent concealment.  However, the plaintiff has not alleged with particularity what fraud was committed to conceal from him his cause of action, as required by Fed. R. Civ. P. 9(b).  See J. Geils Band Employee Benefit Plan v. Smith Barney Shearson, Inc., 76 F.3d 1245, 1255 (1st Cir.), cert. denied, 117 S. Ct. 81 (1996).  Because the court cannot accept the plaintiff's mere conclusory allegations that fraudulent concealment should toll the statute of limitations and the plaintiff has provided no other cogent reason to allow his complaint against Butler to go forward, the court grants the Rule 12 motion as to his claim against Butler.

II. <u>Butler & Hill's Rule 12 Motion and Foley's Motion for Judgment on the Pleadings</u>[4]

Defendants Butler & Hill and Foley argue that they are entitled to judgment on the pleadings under Fed. R. Civ. P. Rule 12(c) because the plaintiff has not alleged an adequate factual predicate to support his conspiracy claim against them.[5] The

_____

[4]Butler & Hill moved to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted. However, because it had already filed an answer to the plaintiff's complaint, the pleadings were closed under Fed. R. Civ. P. 7(a). As such, the court will treat Butler & Hill's motion to dismiss as a motion for judgment on the pleadings. <u>See</u> Fed. R. Civ. P. 12(c).

[5]One additional argument made by Butler & Hill requires comment. Counsel argues that Butler & Hill lacks the capacity to be sued because "capacity to sue or be sued shall be determined by the law of the state in which the district court is held . . . ." and New Hampshire law dictates that a partnership of fewer than four members cannot be sued in the name of the entity. Mot. to Dismiss of Def. Butler & Hill at 2 (quoting, in part, Fed. R. Civ. P. 17(b)). This citation and argument contains a striking omission, apparently due to careless lawyering. The relevant text of Fed. R. Civ. P. 17(b) provides the following:

> In all other cases capacity to sue or be sued shall be determined by the law of the state in which the district court is held, <u>except (1) that a partnership or other unincorporated association, which has no such capacity by the law of such state, may sue or be sued in its common name for the purpose of enforcing for or against it a substantive right existing under the Constitution or laws of the United States</u> . . . .

Fed. R. Civ. P. 17(b) (emphasis added). The court expects those who practice before it to be meticulous, complete, and accurate in citation of authorities. Anything less than that is unacceptable.

6

plaintiff argues in response, <u>inter alia</u>, that the defendants'
Rule 12 motions are really disguised motions for summary
judgment, inappropriate because of the facts in dispute in this
action.[6]

In <u>Slotnick v. Staviskey</u>, the First Circuit stated:

> In an effort to control frivolous conspiracy suits
> under § 1983, federal courts have come to insist that
> the complaint state with specificity the facts that, in
> the plaintiff's mind, show the existence and scope of
> the alleged conspiracy.  It has long been the law in
> this and other circuits that complaints cannot survive
> a motion to dismiss if they contain conclusory
> allegations of conspiracy but do not support their
> claims with references to material facts.

560 F.2d 31, 33 (1st Cir. 1977); <u>see, e.g.</u>, <u>McGillicuddy v.
Clements</u>, 746 F.2d 76, 77 (1st Cir. 1984) ("Because plaintiff
makes virtually no factual showing to support his allegation of a
conspiracy, it was improper for the district court to deny
defendant's motion to dismiss."); <u>Dewey v. University of N.H.</u>,
694 F.2d 1, 3 (1st Cir. 1982) ("[W]e insist that the claim at
least set forth minimal facts, not subjective characterizations,
as to who did what to whom and why."); <u>Francis-Sobel v.
University of Me.</u>, 597 F.2d 15, 17 (1st Cir. 1979); <u>MacFarlane v.
Smith</u>, 947 F. Supp. 572, 579-80 (D.N.H. 1996) ("A party seeking

---

[6]The court notes that, as of the date of this order, the
plaintiff had not responded to defendant Butler & Hill's Rule 12
motion.  His deadline for doing so was July 7, 1997.

7

to wield a section 1983 cause of action against a private individual on grounds of an alleged conspiracy with state officials bears a higher burden of proof than is otherwise required to survive a motion brought under Rule 12(b)(6) . . . . If the complaint contains nothing more than conclusory allegations rather than well-pled facts, dismissal under Rule 12(b)(6) is appropriate.  [Here, the complaint] fails entirely to plead any facts tending to show the existence of a tainted agreement, such as a 'backroom' meeting between the co-conspirators."); see also Dwares v. City of New York, 985 F.2d 94, 99-100 (2d Cir. 1993) ("[I]n order to state a claim of conspiracy under § 1983 the complaint must contain more than mere conclusory allegations."); Jackson v. Faber, 834 F. Supp. 471, 477 (D. Me. 1993) ("It is sufficient to survive a motion to dismiss that Plaintiff has made factual allegations which indicate with a reasonable degree of specificity who did what, when, and how these actions resulted in the deprivation of rights.").  But cf. Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit, 507 U.S. 163, 168 (1992) (§ 1983 actions alleging municipal liability cannot be subjected to "heightened pleading standard").

Some courts have questioned whether the Slotnick line of cases remains viable after Leatherman.  See, e.g., Gerakaris v.

<u>Champagne</u>, 913 F. Supp. 646, 652 (D. Mass. 1996) ("Although <u>Leatherman</u> applies only to § 1983 claims against municipalities, the logic of the Court's reaffirmation of the sufficiency of the rule of notice pleading in that context has no less force in cases involving civil rights claims against individual government officials."); <u>Feliciano v. DuBois</u>, 846 F. Supp. 1033, 1042 (D. Mass. 1994) ("[T]he extent to which this court can now rely upon decisions predating <u>Leatherman</u> is in doubt.").  Other courts harmonized any apparent inconsistencies by concluding that the holding of <u>Leatherman</u> is limited to the municipal liability context.  <u>See</u> <u>Kimberlin v. Quinlan</u>, 6 F.3d 789, 794 n.9 (D.C. Cir. 1993), <u>rev'd on other grounds</u>, 115 S. Ct. 2552 (1995).[7]  The court need not resolve this difficult issue in this case, however, because the plaintiff's general allegations lack the necessary support of a "specific factual basis" sufficient to meet the requirements of notice pleading.  <u>Fleming v. Lind-Waldock & Co.</u>, 922 F.2d 20, 23 (1st Cir. 1990); <u>see</u> <u>Romero-Barcelo v. Hernandez-Agosto</u>, 75 F.3d 23, 35 (1st Cir. 1996)

---

[7]In <u>Leatherman</u>, the Supreme Court explicitly declined to consider the issue of whether a "heightened pleading standard" might be appropriate or even required in cases involving individual government officials and thus implicitly declined to consider the issue of whether such a standard might be appropriate in cases involving alleged civil rights conspiracies in which non-government officials are alleged to have conspired with government officials.  <u>See</u> <u>Leatherman</u>, 507 U.S. at 166-67.

(explicitly declining to address issue of whether <u>Leatherman</u> overruled <u>Slotnick</u> because failure to allege essential elements of claim is not "mere failure to comply with a 'heightened pleading requirement.'"); <u>see also</u> <u>Boston & Maine Corp. v. Town of Hampton</u>, 987 F.2d 855, 865 (1st Cir. 1993) (requiring some specificity in pleading promotes, <u>inter alia</u>, (1) adequate notice of claim to defendants; (2) control of unwarranted litigation costs; and (3) early dismissal of baseless claims).

While Fed. R. Civ. P. Rule 9(b) limits heightened pleading requirements to fraud and mistake, each claim must still meet the minimal requirements of Fed. R. Civ. P. Rule 8(a)(2). As the Supreme Court has noted, Rule 8(a) does not generally require claimants to set out in detail all the facts upon which they base their claim, but it does require "'a short and plain statement of the claim' that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." <u>Leatherman</u>, 507 U.S. at 168 (<u>quoting</u> <u>Conley v. Gibson</u>, 355 U.S. 41, 47 (1957)). To satisfy this requirement, the "degree of specificity with which the operative facts must be stated in the pleadings varies depending on the case's context." <u>See</u> <u>Boston & Maine</u>, 987 F.2d at 866 (<u>quoting</u> <u>United States v. AVX Corp.</u>, 962 F.2d 108, 115 (1st Cir. 1992)). The plaintiff's voluminous and vociferous accusations of conspiracy leave no doubt that he is

10

deeply aggrieved by his former incarceration, but shed little light as to the grounds, if any, upon which his claim rests. Thus, the plaintiff's argument that the Rule 12 motions should not be granted because they are in actuality motions for summary judgment misses the mark. The plaintiff's allegations of conspiracy are so devoid of any factual predicate that they fail to meet the minimal requirements of notice pleading, and thus do not entitle him to proceed beyond the pleading stage. See Doyle v. Hasbro, Inc., 103 F.3d 186, 190 (1st Cir 1996) (complaint does not withstand motion to dismiss if plaintiff merely recites elements of cause of action in conclusory terms); Abbott v. Shumway, No. 96-167-B, slip op. at 12 (D.N.H. Mar. 28, 1997) (dismissal warranted where plaintiffs alleged conscience-shocking conduct but facts did not support conclusory assertion).[8] For these reasons, the court grants the Rule 12 motions of defendants Butler & Hill and Foley.

---

[8]Even assuming arguendo that the plaintiff's complaint could be read to provide an adequate factual predicate upon which to base a cognizable claim of conspiracy as to some of the defendants, his claim is deficient in another respect. Although non-state actors may be held liable for conspiring with state actors even where the state actors are themselves immune from liability, here the plaintiff has failed to sufficiently allege a conspiracy between Judge Smith, the only state actor named as a party, and the remaining defendants, who are not state actors. See Dennis v. Sparks, 449 U.S. 24, 27-28 (1980) ("[M]erely resorting to the courts and being on the winning side of a lawsuit does not make a party a co-conspirator or a joint actor with the judge.").

11

III. <u>Jacqueline Tremblay's Rule 12 Motion</u>[9]

Jacqueline Tremblay argues that the claims against her should be dismissed because (1) the plaintiff has not adequately stated a claim and (2) she is on welfare. While she has not supported her position with either argument or legal authority, the court notes that the infirmity in the plaintiff's pleadings with respect to defendants Butler & Hill and Foley also exists with respect to his pleadings against Jacqueline Tremblay. Therefore, the court grants Jacqueline Tremblay's Rule 12 motion on the grounds discussed in Part II, <u>supra</u>.[10]

Conclusion

For the reasons stated above, the Rule 12 motions of defendants Butler (document no. 53), Butler & Hill (document no. 128), Foley (document no. 29), and Jacqueline Tremblay (document no. 69) are granted. The plaintiff's motions to strike (document nos. 75 & 88) are denied and the plaintiff's motion for a more

---

[9]Jacqueline Tremblay moved to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted. However, because she has already filed an answer to the plaintiff's complaint, the pleadings have closed under Fed. R. Civ. P. 7(a). As such, the court treats her motion to dismiss as a motion for judgment on the pleadings. <u>See</u> Fed. R. Civ. P. 12(c).

[10]In light of this ruling, the court denies the plaintiff's motions to strike, which it understands present no more than substantive objections to Jacqueline Tremblay's Rule 12 motion. The court also denies as moot the plaintiff's motion for a more definite statement.

definite statement (document no. 89) is denied as moot.  The

clerk is ordered to close the case.

SO ORDERED.


_____
Joseph A. DiClerico, Jr.
Chief Judge

July 16, 1997

cc:   Richard J. Tremblay, pro se
      Emily G. Rice, Esquire
      Sara B. Shirley, Esquire
      Peter G. Beeson, Esquire
      Jacqueline S. Tremblay, pro se